**Stewart E. LUCE, d/b/a Imperial Security**

**v.**

**The UNITED STATES.**

**No. 409-72.**

United States Court of Claims.

June 19, 1974.

Stewart E. Luce, pro se.

David R. Schlee, Washington, D. C., with whom was Asst. Atty. Gen., Carla A. Hills, for defendant.

Before SKELTON, NICHOLS and KASHIWA, Judges.

PER CURIAM:

This case is before the court on defendant's motion for summary judgment and plaintiff's cross motion for summary judgment. The case has been submitted on briefs without oral argument. The court concludes on the pleadings and briefs that plaintiff is not entitled to recover.

The plaintiff is a disappointed bidder on a Government contract to supply security guard services for the Los Angeles Air Force Station, Los Angeles, California, for a 3-year period, July 1, 1972, through June 30, 1975, and sues here to recover the cost of preparing his bid. This project was initially proposed as a 100 percent small business set aside which was limited to firms with total annual sales in the previous fiscal year of less than $5 million. Later the size standard was reduced to $1 million, but because of the reduction in competition this would cause, the small business set aside was deleted from the Request for Bids. This was approved by the authorized representative of the Small Busi-

ness Administration. Thereafter, bids were received from the plaintiff and nine other bidders. The bids were considered and evaluated by the Cost Panel and the Source Selection Authority without their knowing the names of the companies whose proposals were presented. The plaintiff's bid ranked number five on its technical score out of eight who were determined to be within competitive range under ASPR 3–805.1(a), and number five in cost out of the eight in the competitive range. The contract was awarded to the H. L. Yoh Company whose bid was second highest in technical score and the lowest in cost in the competitive range.

The plaintiff has alleged that the removal of the small business set aside was improper, and that there was a conspiracy between those in charge of the bidding and awarding of the contract and H. L. Yoh Company to award the contract to H. L. Yoh Company, and that by reason thereof, plaintiff should recover the costs of preparing his bid. The court has concluded that these charges do not present a triable issue of fact in view of their lack of substantiation and defendant's detailed showing of how the award was made. See Rule 64(d).

The court concludes further that in order for the plaintiff to have standing to sue to recover his bid costs, he must show that his bid was not honestly considered by the Government and that in awarding the contract the Government acted fraudulently or arbitrarily and capriciously or contrary to governmental procurement regulations or that there was no rational basis for the award to the H. L. Yoh Company. The plaintiff has made no such showing in this case. See Heyer Products Co., Inc. v. United States, 177 F.Supp. 251, 147 Ct.Cl. 256 (1959); Heyer Products Co., Inc. v. United States, 140 F.Supp. 409, 135 Ct.Cl. 63 (1956); Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970); Keco Industries, Inc. v. United States, 428 F.2d 1233, 192 Ct.Cl. 773 (1970); and after

**1350**

trial of the same case 203 Ct.Cl. ——, 492 F.2d 1200 (1974), and Continental Business Enterprises, Inc. v. United States, 196 Ct.Cl. 627, 452 F.2d 1016 (1971). There is a fuller statement of the applicable law in the second *Keco* decision, *supra*.

Accordingly, on the basis of the foregoing authorities, the cross motion for summary judgment of the plaintiff is denied, the motion for summary judgment of defendant is granted, and plaintiff's petition is dismissed.